IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAIWAN TUCKER, | ) |
|        Plaintiff, | ) |
| v. | ) No. |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) |
|        Defendant. | ) |

**COMPLAINT**

Now comes the Plaintiff, TAIWAN TUCKER, by her attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS P.C., and complaining against the Defendant, MUTUAL OF OMAHA INSURANCE COMPANY, she states:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group long-term disability ("LTD") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Venue is proper in the Northern District of Illinois pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff resides in this District.

5. Venue is also proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district.

## *The Parties*

6. The plaintiff, Taiwan Tucker ("Tucker" or "Plaintiff"), age 48 (born in 1972), is a resident of Chicago, Cook County, Illinois.

7. The defendant, Mutual of Omaha Insurance Company ("Mutual of Omaha" or "Defendant"), was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and it issued and delivered coverage to Plaintiff in the State of Illinois.

## *Nature of the Action*

8. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Tucker seeks payment of LTD benefits due under an LTD group policy of insurance: group policy number GLTD-AFH2 ("Policy"), underwritten and administered by Mutual of Omaha for the benefit of employees of The Chicago Lighthouse (a true and accurate copy of the Policy provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

9. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with The Chicago Lighthouse, Tucker received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

10. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

11. The LTD Policy provides monthly disability income benefits for participants that meet the following "Definition of Disability":

> *Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
> a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis ; and
> b) after the Elimination Period, You are:
>    1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>    2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
>
> After a Monthly Benefit has been paid for 2 years, *Disability* and *Disabled* mean You are unable to perform all of the Material Duties of any Gainful Occupation.
>
> Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.

Ex. A at 27.

12. The Policy also defines the following relevant terms as follow:

> *Material Duties* means the essential tasks, functions, and operations relating to an occupation that cannot be reasonably omitted or modified. In no event will We consider working an average of more than the required Full-Time hours per week in itself to be a part of material duties. One of the material duties of Your Regular Occupation is the ability to work for an employer on a full-time basis.
>
> *Regular Occupation* means the occupation You are routinely performing when Your Disability begins. Your regular occupation is not limited to Your specific position held with the Policyholder, but will instead be considered to be a similar position or activity based on job descriptions included in the most current edition of the U.S. Department of Labor Dictionary of Occupational Titles (DOT). We have the right to substitute or replace the DOT with another service or other information that We determine to be of comparable purpose, with or without notice. To determine Your regular occupation, We will look at Your occupation as it is normally performed in the national economy, instead of how

3

work tasks are performed for a specific employer, at a specific location, or in a specific area or region.

*Gainful Occupation* means an occupation for which You are reasonably fitted by training, education or experience.

Ex. A at 28-29.

## *Statement of Facts*

13. Immediately prior to ceasing work, Tucker was successfully employed as a medical scheduler at Chicago Lighthouse, an organization that serves the blind, visually impaired, disabled, and Veteran communities.

14. Tucker suffers from a multitude of severe, disabling conditions, including but not limited to, diabetic neuropathy, chronic regional pain syndrome, and hyperglycemia. She also suffers additional impairments from the medications required to treat those conditions, which have included severe diarrhea, nausea, upset stomach, weakness, blurred vision, trouble concentrating, confusion, stomach pain, muscle pain, and fatigue.

15. On Monday, February 5, 2018, Tucker received emergency room treatment for a left breast abscess. She has not worked in any capacity since that date.

16. Upon exhaustion of the 90-day waiting period, Tucker timely applied for LTD benefits under the Policy. Mutual of Omaha initially approved her claim and awarded LTD benefits in the amount of $1,449.80 per month effective May 5, 2018.

17. At Defendant's behest and with the assistance of counsel arranged by Defendant, Tucker concurrently submitted a claim for Social Security disability benefits. The Social Security Administration ("SSA") ultimately determined that Tucker was disabled effective February 5, 2018, thus signifying that her medical conditions resulted in her inability to engage in "any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A) (definition of "disabled" under the Social

4

Security Act). Plaintiff started receiving Social Security disability benefits in November 2020 and continues to receive those benefits to this day. Defendant possesses the SSA's notice of award and fully favorable decision.

18. Despite the overwhelming medical evidence supporting her ongoing disability, on January 24, 2020, Mutual of Omaha terminated Tucker's claim for ongoing LTD benefits effective February 5, 2020. Mutual of Omaha based that decision on a non-examining medical file review performed by Trent Thomas, M.D., one of its own medical directors.

19. On July 14, 2020, Tucker, with the assistance of counsel, submitted an appeal of Mutual of Omaha's termination of benefits. Supporting evidence provided with her appeal included updated treatment records and opinion evidence from her treating doctors, all of which demonstrated her ongoing entitlement to LTD benefits.

20. Nonetheless, on January 12, 2021, Mutual of Omaha upheld its termination of Tucker's LTD benefit claim based on the opinion of a non-examining internal medicine physician, Joshua Lewis, M.D. and a transferable skills analysis conducted by one of its employees.

21. Mutual of Omaha's termination of Tucker's LTD benefits was and remains against the weight of the medical evidence, including the opinions of her treating doctors and the SSA. Mutual of Omaha's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in unfounded and unsupported medical reviews performed by non-treating physicians and vocational analysts employed by and/or routinely contracted by Mutual of Omaha.

22. Tucker remains entitled to LTD benefits due since February 5, 2020 plus any interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter so long as she continues to meet the Policy's terms and conditions.

23. All required avenues of administrative appeal to Mutual of Omaha have now been exhausted, and this matter is therefore ripe for adjudication.

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled from February 5, 2020 to the present;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Policy's Maximum Benefit Period, so long as she continues to meet the Policy's conditions for continuance of benefits;

D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Dated: July 26, 2021                     Respectfully Submitted,

/s/ *Matthew T. Maloney*
*Attorney for Plaintiff*

Matthew T. Maloney
William T. Reynolds
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)